**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYLER HIMES, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:24-cv-03638-GAM |
| Plaintiff, | |
| v. | |
| FIVE BELOW, INC., and JOEL ANDERSON, | |
| Defendants. | |
| | Case No. 2:24-cv-04905-GAM |
| CITY OF ORLANDO POLICE OFFICERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | |
| FIVE BELOW, INC., JOEL ANDERSON, KENNETH BULL, and KRISTY CHIPMAN, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MOHAMMED RAHMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Mohammed Rahman ("Rahman") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Rahman as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Rahman's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This class action is on behalf of all persons and entities that purchased or otherwise acquired Five Below, Inc. ("Five Below," or the "Company") securities between March 20, 2024, and July 16, 2024, both dates inclusive (the "Class Period").[1]

The PSLRA directs the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

Rahman believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Rahman satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the

---

[1] The second-filed case alleges a longer class period of December 1, 2022 to July 16, 2024. However, the shorter period should be used for purposes of selecting a lead plaintiff in this consolidated action since the shorter period is better supported by the relevant facts.

class. Thus, pursuant to the PSLRA's lead plaintiff provision, Rahman respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Rahman's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[2]

Five Below is a specialty value retailer offering merchandise targeted at the tween and teen demographic. Five Below offers an edited assortment of products, with most priced at $5 and below.

The complaint filed in this action alleges that throughout the Class Period the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) macroeconomic pressures were interfering with the Company's strategic operations and preventing it from executing successfully; and (2) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On June 5, 2024, Five Below announced its first quarter 2024 sales results, falling below expectations, and cut its full year 2024 guidance.

On this news, Five Below's stock price fell $14.07, or 10.6%, to close at $118.72 per share on June 6, 2024, thereby injuring investors.

---

[2] This section is adapted from the complaint in the above-captioned action. *See* Dkt. No. 1.

Then, on July 16, 2024, after the market closed, Five Below announced that its Chief Executive Officer had stepped down "to pursue other interests." Additionally, the Company provided quarter-to-date results and updated guidance for its second quarter of fiscal 2024, stating that it now expects sales to be between $820 to $826 million, compared to the previously expected $830 to $850 million, and net income of $0.53 to $0.56, compared to the previously expected $0.57 to $0.69.

On this news, Five Below's stock price fell $25.57, or 25.1%, to close at $76.60 per share on July 17, 2024, thereby injuring investors further.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, class members suffered significant losses and damages.

## III. PROCEDURAL BACKGROUND

On August 1, 2024, Plaintiff Tyler Himes commenced a securities fraud class action against Five Below and certain of its officers, captioned *Himes v. Five Below, Inc.*, No. 2:24-cv-03638-GAM (the "*Himes* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired Five Below securities between March 20, 2024 to July 16, 2024, inclusive.

On September 16, 2024, Plaintiff City of Orlando Police Officers' Pension Fund commenced a similar action, captioned *City of Orlando Police Officers' Pension Fund v. Five Below, Inc.*, No. 2:24-cv-04905-GAM (the "*Orlando Police* Action," and together with the *Himes* Action, the "Related Actions"). The *Orlando Police* Action proposes an expanded class period, alleging claims on behalf of persons and entities that purchased or otherwise acquired Five Below securities between December 1, 2022, and July 16, 2024, inclusive.

IV.    ARGUMENT

A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Both of the Related Actions present similar factual and legal issues, as their claims overlap. Each action alleges violations of the Exchange Act, each presents similar theories for recovery, and each is based on a similar wrongful course of conduct. Because these actions arise from some of the the same facts and circumstances and involve similar subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See O'Meara v. Shift4 Payments, Inc.*, No. 23-cv-03206, 2023 WL 7276491, at *3 (E.D. Pa. Nov. 3, 2023) ("The Court finds consolidation appropriate as the Related Actions concern common question of law and fact.").

B.    Rahman Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As set forth below, Rahman satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Rahman has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Rahman is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Rahman respectfully submits that he should be appointed lead plaintiff.

### 1.    Rahman Filed a Timely Motion

Rahman has made a timely motion in response to a PSLRA early notice. Pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action, informing investors that they had until September 30, 2024 to file a lead plaintiff motion. *See* Declaration of Lee Albert in Support of the Motion of Mohammed Rahman for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Albert Decl."), Ex. A. As a purchaser of Five Below securities during the Class Period, Rahman is a proper plaintiff has hereby timely filed a motion for appointment as lead plaintiff in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

5

Additionally, as set forth in his PSLRA certification, Rahman attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Albert Decl., Ex. B. Accordingly Rahman satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Rahman Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Rahman believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Rahman purchased Five Below securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $44,474.49. *See* Albert Decl., Ex. C. To the best of his knowledge, Rahman is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Rahman believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 277 (E.D. Pa. 2020).

### 3.    Rahman Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

6

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "the court's initial inquiry should be confined to determining whether such movants have stated a *prima facie* case of typicality and adequacy." *Cendant*, 264 F.3d at 264.

### a)    Rahman's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's circumstances are not "markedly different" from other class members' and his claims are based on the same legal theory as other class members' claims. *Id.* at 265.

Rahman's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Rahman alleges that Defendants' material misstatements and omissions concerning Five Below's business, operations, and financial prospects violated the federal securities laws. Rahman, like all members of the class, purchased Five Below securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Rahman's interests and claims are "typical" of the interests and claims of the class.

### b)    Rahman Is An Adequate Representative

The adequacy requirement is satisfied if the movant has the ability and incentive to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between the movant's claims and those asserted on behalf of the class. *Id.*

Rahman has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Albert Decl., Ex. C. Rahman resides in Brooklyn, New York and is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Rahman is well-equipped to represent the class and should be appointed as lead plaintiff.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Rahman has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Albert Decl., Ex. D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

### V. CONCLUSION

For the foregoing reasons, Rahman respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Rahman as Lead Plaintiff; (3) approving Rahman's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: September 30, 2024

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Lee Albert*
Lee Albert (PA No. 46852)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lalbert@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Mohammed Rahman and Proposed*
*Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On September 30, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of Pennsylvania, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 30, 2024, at Lafayette Hill, Pennsylvania.


*/s/ Lee Albert*
Lee Albert