**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYLER HIMES, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.: 2:24-cv-03638-GAM |
| v. | CLASS ACTION |
| FIVE BELOW, INC., and JOEL ANDERSON, | |
| Defendants. | |
| CITY OF ORLANDO POLICE OFFICERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.: 2:24-cv-04905-GAM |
| v. | CLASS ACTION |
| FIVE BELOW, INC., JOEL ANDERSON, KENNETH BULL, and KRISTY CHIPMAN, | |
| Defendants. | |

**MEMORANDUM IN SUPPPORT OF MOTION OF DAVID FELTON FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT .......................................................................................................................4

    I.     CONSOLIDATION OF THE ACTIONS IS APPROPRIATE ....................................4

    II.    APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE .....................5

        A.     The Procedural Requirements Pursuant to the PSLRA............................................5

        B.     Movant Is the "Most Adequate Plaintiff" ................................................................6

            1.     Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff.......................................................................................................6

            2.     Movant Has the Largest Financial Interest in the Actions. ...............................6

            3.     Movant Satisfies the Requirements of Rule 23. ...............................................7

                i.     Movant's Claims Are Typical of the Claims of All Class Members. ..........7

                ii.     Movant Will Adequately Represent the Class. ............................................8

    III.   APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE...........10

CONCLUSION ...................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Beck v. Maximus, Inc.,*
  457 F.3d 291 (3d Cir.2006).....................................................................................................8

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002)................................................................................................10

*In re Cendant Corp. Litig.,*
  264 F.3d 201 (3d Cir. 2001).........................................................................................7, 8, 10

*City of Roseville Employees' Retirement System v. Horizon Lines Inc.,*
  No. 08-969, 2009 WL 1811067 (D. Del. June 18, 2009)........................................................5

*Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.,*
  586 F.3d 703 (9th Cir. 2009)................................................................................................10

*Cortese v. Radian Group, Inc.,*
  No. 07-3375, 2008 WL 269473 (E.D. Pa. Jan. 30, 2008).......................................................8

*Ferrari v. Impath, Inc.,*
  2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004).......................................................4

*Hassine v. Jeffes,*
  846 F.2d 169 (3d Cir.1988)....................................................................................................7

*In re Herley Ind., Inc.,*
  No. 062596, 2010 WL 176869 (E.D. Pa. Jan. 15, 2010).......................................................10

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990)..............................................................................................4, 5

*Martingano v. Am. Int'l Grp., Inc.,*
  Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006)..............4

*In re Prudential Ins. Co. of Am. Sales Practices Litig.,*
  148 F.3d 283 (3d Cir.1998)....................................................................................................9

*Weltz v. Lee,*
  199 F.R.D. 129 (S.D.N.Y. 2001)............................................................................................4

**Statutes**

15 U.S.C. § 78u-4...........................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23....................................................................................................................7

Fed. R. Civ. P. 42(a)..........................................................................................................4, 5

David Felton[1] ("Movant") hereby moves for an order: (1) consolidating the above-captioned actions (the "Actions"), (2) appointing Movant as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and (3) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Bielli & Klauder, LLC as Liaison Counsel.

## PRELIMINARY STATEMENT

This is a federal class action on behalf of all investors who purchased or otherwise acquired Five Below, Inc. ("FIVE" or the "Company") securities between December 1, 2022 to July 16, 2024, inclusive (the "Class Period")[2], seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

The Actions were filed against the Company, Joel Anderson ("Anderson"), and Kristy Chipman ("Chipman") (collectively "Defendants", and defendant other than the Company, "Individual Defendant"), and is pending in this Court. On August 1, 2024, the first notice that a class action had been initiated against Defendants was published on *Globe Newswire*, a widely circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the notice. *See* Declaration of David M. Klauder ("Klauder Decl.") at Exhibit C. Movant has timely filed this motion and seeks appointment as lead plaintiff.

---

[1] Movant has received a valid assignment of claims from his wife, Kimberly L. Felton, that transfers all rights and title to prosecute all causes of action relating to their transactions in FIVE securities prior to the filing of this motion.

[2] The action entitled *Himes v. Five Below, Inc., et. al.,* Case No. 2:24-cv-03638-GAM (E.D. Pa. Aug. 1, 2024) (the "*Himes* Action") defines the Class Period as March 20, 2024 through July 16, 2024, inclusive. The action styled *City of Orlando Police Officers' Pension Fund v. Five Below, Inc., et al.,* No. 2:24-cv-04905-GAM (E.D. Pa. Sept. 16, 2024) (the "*COPOPF* Action") defines the Class Period as December 1, 2022 through July 16, 2024, inclusive. Movant adopts the most-inclusive Class Period defined in the *COPOPF* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

As described in the certification and loss chart attached to the Klauder Decl. as Exhibits A and B, respectively, Movant has suffered losses of approximately $453,799.01 [3] due to his purchases of FIVE securities during the proposed Class Period. To the best of his knowledge, Movant sustained the largest loss of any investor seeking to be appointed as lead plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification also demonstrates his intent to serve as lead plaintiff in this litigation, including his cognizance of the duties of serving in that role. Movant fully understands his duties and responsibilities to the Class and is willing and able to oversee counsel's vigorous prosecution of the Actions. As a result, Movant satisfies the applicable requirements of both the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. Movant is thus to be accorded a presumption of being the "most adequate plaintiff."

## STATEMENT OF FACTS[4]

FIVE is a Pennsylvania corporation formed in 2002. It is a specialty value retailer offering merchandise targeted at the tween and teen demographic. ¶ 17. FIVE offers an edited assortment of products, with most priced at $5 and below. *Id*.

The Company reported its fourth quarter results for 2023 on March 20, 2024, which missed analysts' consensus EPS target of $3.78 per share by $0.13 per share, or approximately 3.5%. *COPOPF* ¶ 32. These disclosures caused Five Below's share price to drop by $32.18 per share, or over 15%, from a closing price on March 20, 2024 of $208.97 per share, to a closing price on

---

[3] Movant's loss stems from purchases of FIVE securities made by himself and his wife, Kimberly L. Felton. His wife assigned Movant all rights, title, and interest in any and all claims, demands, and causes of action of any kind whatsoever arising from violations under the federal securities laws of the United States of America in connection with the purchase of FIVE securities. *See* Assignments, Ex. A to Klauder Decl.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Himes* Complaint") filed in the *Himes* Action. Citations to "*COPOPF* ¶ __" are to paragraphs of the Class Action Complaint (the "*COPOPF* Complaint") filed in the *COPOPF* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Himes* and *COPOPF* Complaints. The facts set forth in the *Himes* and *COPOPF* Complaints are incorporated herein by reference.

March 21, 2024 of $176.79 per share. *Id*. Despite these disclosures, Five Below continued to represent shrink as the primary reason for the Company's disappointing financial results. *Id*. For example, during the Company's earnings call that day, Defendant Anderson told investors that the negative results could be "fully attributed to higher-than-planned shrink." *Id*.

Then, Defendants provided investors with false and/or materially misleading information about FIVE's financial strength and operations, including its outlook for the first quarter and full year 2024. ¶ 2. This information included FIVE's statement that net sales are expected to be in the range of $826 million to $846 million based on opening approximately 55 to 60 new stores in the first quarter. *Id*. Further, FIVE claimed that net sales for the full year are expected to be in the range of $3.97 billion to $4.07 billion based on opening between 225 and 235 new stores. *Id*.

Investors discovered that these statements were false and/or materially misleading when, on June 5, 2024, FIVE announced disappointing first quarter 2024 sales result and cut its full year 2024 guidance stating, "Net sales are expected to be in the range of $3.79 billion to $3.87 billion based on opening approximately 230 new stores." ¶ 3. At the same time, FIVE claimed that for the second quarter, "Net sales are expected to be in the range of $830 million to $850 million based on opening approximately 60 new stores." *Id*. In response to the disclosure, FIVE's stock price declined $14.07/per share on June 6, 2024. *Id*.

The following month, investors discovered that FIVE's financial and operational problems were significantly worse than represented. ¶ 4. On July 16, 2024, FIVE announced the sudden departure of CEO Joel Anderson and guidance cut for the second quarter. *Id*. In pertinent part, FIVE told investors that "the Company now expects sales for the fiscal second quarter ending August 3, 2024 to be in the range of $820 million to $826 million." *Id*. In response to the news, FIVE's stock price declined by $25.57/share on July 17, 2024. *Id*.

3

**ARGUMENT**

**I.    CONSOLIDATION OF THE ACTIONS IS APPROPRIATE**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject

4

matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

## II.    APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE

### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for Plaintiff in the first-filed action, Levi & Korsinsky, published a notice on *Globe Newswire* on August 1, 2024. *See* Klauder Decl., Ex. C ("Press Release"). This notice announced that applications for appointment as lead plaintiff had to be made within 60 days from that date. As the PSLRA notes, after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the Actions. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members. 15 U.S.C. § 78u-4(a)(3)(B)(i). This involves a two-step process. "First, [the Court should] identify a presumptive lead plaintiff, and second, [] determine whether the presumption has been rebutted."

*City of Roseville Emples' Retirement Sys. v. Horizon Lines Inc.,* No. 08-969, 2009 WL 1811067, at

*1 (D. Del. June 18, 2009). As indicated by the PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>> (aa) has either filed the complaint or made a motion in response to a notice...
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B.    Movant Is the "Most Adequate Plaintiff"

#### 1.    Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff.

Movant has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a motion on September 30, 2024. Moreover, Movant has sustained a substantial loss from his investment in FIVE securities and has shown a willingness to represent the Class. Movant has signed a certification detailing his transactions information during the Class Period. *See* Klauder Decl., Ex. A. As demonstrated by this certification, Movant is prepared to consult with counsel on a regular basis prior to every major litigation event and direct the course of litigation with the benefit of counsel's advice.

In addition, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm résumés of proposed Lead Counsel Levi & Korsinsky, LLP is attached as Exhibit E to the Klauder Decl.

#### 2.    Movant Has the Largest Financial Interest in the Actions.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.

As demonstrated herein, Movant (with losses of approximately $453,799.01) has the largest known financial interest in the relief sought by the Class. *See* Klauder Decl., Ex. B.

### 3. Movant Satisfies the Requirements of Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Federal Rule of Civil Procedure 23 (*i.e.*, numerosity, commonality, typicality, and adequacy), only two – typicality and adequacy – are recognized by the Third Circuit as appropriate for consideration at this stage. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). The Third Circuit further emphasizes that only a *prima facie* showing is required by Movant. *Id.* As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

#### i. *Movant's Claims Are Typical of the Claims of All Class Members.*

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. Put differently, the relevant inquiry is whether the circumstances of the movant or movants with the largest losses are "markedly different or the legal theory upon which the claims [] are based differ [] from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)).

In this case, the typicality requirement is met because Movant's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Movant purchased

7

FIVE securities during the Class Period when the stock prices were artificially inflated as a result of the fraudulent misrepresentations and omissions. Thus, Movant and all Class Members suffered damages as a result of these purchases. Movant and the Class all (1) purchased FIVE securities during the Class Period (2) at artificially-inflated prices as a result of the material misrepresentations and omissions, and (3) suffered damages thereby. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 WL 269473, at *2 (E.D. Pa. Jan. 30, 2008) ("Iron Workers and Ann Arbor satisfy the typicality requirement, because, like the other class members, they: 1) purchased FIVE securities during the Class Period; 2) at prices that were allegedly artificially inflated by the defendants' materially false and misleading statements; and 3) suffered damages as a result.").

Although a movant or movants may be considered atypical if "subject to a unique defense that is likely to become a major focus of the litigation," *Beck v. Maximus, Inc.,* 457 F.3d 291, 301 (3d Cir.2006), Movant is not subject to any unique or special defenses. Movant thus satisfies the typicality requirement of Rule 23.

### ii. *Movant Will Adequately Represent the Class.*

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether: (1) there are any conflicts between the interests of the Movant and other members of the Class; (2) the Movant is an adequate representative of the Class; (3) Movant's interests are clearly aligned with the interest of members of the putative Class; and (4) there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B); *Cendant*, 264 F.3d at 265 (Courts should consider whether a movant or movants "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate

8

counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.") (citation omitted); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 312 (3d Cir.1998) (looking to whether class counsel is qualified and there is an absence of conflicts between the representative and the class).

Movant's interests are clearly aligned with the members of the Class because his claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Furthermore, Movant has a significant, compelling interest in prosecuting the Actions to a successful conclusion based upon the large financial loss he has incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's similar interest with the members of the Class, clearly shows that Movant will adequately and vigorously pursue the interests of the Class. In addition, Movant has selected law firms that are highly experienced in successfully prosecuting securities class actions and other complex, federal litigation.

Therefore, because Movant not only meets both the typicality and adequacy requirements of Rule 23, but also has sustained the largest amount of losses, Movant is presumptively the most adequate plaintiff to lead the Actions.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for five years. *See* Klauder Decl., Ex. D ("Movant Declaration"). He resides in Pittsburg, Illinois, and possesses a law enforcement BS degree from Southeast Missouri University. *Id.* Movant is currently retired, but prior to that was employed as a patrolman at Cape Girardeau Missouri Police department from 1985-1997, and then as a computer technician from 1997-2016 for several companies, including Blue Cross/Blue Shield of Illinois. *Id.* Further, Movant has experience with the judicial system, as he has been called to testify many times in

9

municipal and state courts during his time as a patrolman. *Id.* Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

## III.    APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-76 (3d Cir. 2001); *see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009) (noting that "the lead plaintiff, not the district court, selects lead counsel"); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). "Unless a lead plaintiff's selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process." *In re Herley Ind., Inc.*, No. 06-2596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

Movant has selected Levi & Korsinsky, LLP as Lead Counsel and Bielli & Klauder, LLC as Liaison Counsel for the Class. These firms have not only successfully prosecuted complex securities fraud actions, but they have also successfully prosecuted many other types of complex class actions. *See* Klauder Decl., Ex. E. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

**CONCLUSION**

For all of the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Movant to serve as lead plaintiff in the Actions; (3) approve Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Bielli & Klauder, LLC as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

10

DATED: September 30, 2024                     Respectfully Submitted,

                                              **BIELLI & KLAUDER, LLC**

                                              */s/ David M. Klauder*
                                              David M. Klauder (No. 207309)
                                              Ryan M. Ernst (No. 202191)
                                              1204 N. King Street
                                              Wilmington, Delaware 19801
                                              Tel.: (302) 803-4600
                                              Email: dklauder@bk-legal.com
                                              Email: rernst@bk-legal.com

                                              *Proposed Liaison Counsel for Lead Plaintiff*
                                              *Movant David Felton and the Class*

                                              **LEVI & KORSINSKY, LLP**
                                              Adam M. Apton
                                              (*pro hac vice* forthcoming)
                                              33 Whitehall Street, 17th Floor
                                              New York, NY 10004
                                              Tel: (212) 363-7500
                                              Fax: (212) 363-7171
                                              Email: aapton@zlk.com

                                              *Proposed Lead Counsel for Lead Plaintiff*
                                              *Movant David Felton and the Class*

11