**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TYLER HIMES, INDIVIDUALLY and ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>     Plaintiff,<br><br>v.<br><br>FIVE BELOW, INC., and JOEL ANDERSON,<br><br>     Defendants. | Case No. 2:24-cv-03638 |
| CITY OF ORLANDO POLICE OFFICERS' PENSION FUND, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>FIVE BELOW, INC., JOEL ANDERSON, KENNETH BULL, and KRISTY CHIPMAN,<br><br>     Defendants. | Case No. 2:24-cv-04905 |

**MEMORANDUM IN SUPPORT OF TREVOR BIXBY'S MOTION FOR (A) CONSOLIDATION OF RELATED CASES, (B) APPOINTMENT AS LEAD PLAINTIFF, AND (C) APPOINTMENT OF LEAD COUNSEL**

**INTRODUCTION**

Before this Court are two securities class actions brought on behalf of investors who purchased or otherwise acquired securities sold by Five Below, Inc. ("FIVE" or the "Company") between December 1, 2022 to July 16, 2024, inclusive (the "Class Period"), which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78(j)(b) and 78(t), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

Trevor Bixby ("Proposed Lead Plaintiff") hereby moves this Court for an order: (i) consolidating the above-captioned cases; (ii) appointing Mr. Bixby as Lead Plaintiff in the consolidated action pursuant to the PSLRA; and (iii) approving Mr. Bixby's selection of Block & Leviton LLP to serve as Lead Counsel.

This motion is made on the grounds that Mr. Bixby is the most adequate plaintiff as defined by the PSLRA because he possesses a significant financial interest in the Action (he lost approximately $44,015.60) and otherwise satisfies Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the putative class and he will fairly and adequately represent the interests of the class.

Accordingly, Mr. Bixby should be appointed Lead Plaintiff, and his selection of counsel should be approved.

**FACTUAL BACKGROUND[1]**

FIVE is a Pennsylvania company that offers an assortment of popular merchandise targeted at the tween and teen demographic, much of which is priced at $5 or below. ¶2. FIVE's business

---

[1] The facts are taken from the *City of Orlando Police Officers' Pension Fund* Complaint, No. 2:24-cv-04905 (ECF No. 1). References to "¶ _" refer to that Complaint.

1

plan depends on sourcing "trend-right" products that can be quickly and cheaply sold before they go out of style. *Id.*

Throughout the Class Period, Defendants repeatedly assured investors of FIVE's ability to execute this growth plan and of future strong financial performance. ¶¶3–4. Rather than admit any broader problems with the Company's business, Defendants attributed any disappointing financial results to "shrink" (increased rates of lost and stolen inventory) and macroeconomic factors resulting from the COVID-19 pandemic. *Id.* In reality, FIVE was struggling to identify and capitalize on trending merchandise, the key component of the Company's growth. ¶4.

The truth of Defendants' materially misleading statements was revealed to investors on June 5, 2024, when FIVE announced underwhelming first quarter 2024 sales results and severely cut its 2024 sales guidance for the rest of the year. ¶7. These disclosures caused the price of FIVE's shares to decline by $14.07 per share, or approximately 11%. *Id.* A month later, FIVE announced the sudden departure of its Chief Executive Officer, Defendant Joel Anderson, and further reduced its net sales and earnings guidance. ¶8. FIVE management admitted the truth of its financial and operational problems in conversations with analysts following this announcement, acknowledging that the Company had "incurred a lot of self-inflicted wounds." ¶9. These disclosures caused the Company's stock price to decline by another $25.57 per share, or 25%. ¶8.

Following the July disclosures, two actions were filed in this Court: *Himes v. Five Below, Inc., et al.*, No. 2:24-cv-03638-GAM (ECF No. 1) ("Himes Compl."), filed August 1, 2024, and *City of Orlando Police Officers' Pension Fund v. Five Below, Inc., et al.*, No. 2:24-cv-04905 (ECF No. 1) ("Orlando Compl."), filed September 16, 2024.

Each of the two cases allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 based on Defendants' misrepresentations that artificially inflated the price

of FIVE's common stock. Himes Compl. ¶¶43–57; Orlando Compl. ¶¶52–66. Both complaints name FIVE and Joel Anderson, Chief Executive Officer and President of FIVE until July 15, 2024, as defendants. Himes Compl. ¶¶13–14; Orlando Compl. ¶¶16–17. The *Orlando Police* action also names Kenneth Bull, FIVE's Chief Executive Officer and President since July 15, 2024, and Kristy Chipman, FIVE's Chief Financial Officer and Treasurer since July 2023 as defendants. Orlando Compl. ¶¶17–19. The *Himes* action alleges a class period beginning March 20, 2024. Himes Compl. ¶1. The *Orlando Police* action alleges a class period beginning December 1, 2022. Orlando Compl. ¶1. Both complaints allege that the class period ends on July 16, 2024. Himes Compl. ¶1; Orlando Compl. ¶1.

## ARGUMENT

### I.    The Two Above-Captioned Cases Should Be Consolidated

As explained above, the two above-captioned cases bring the same claims alleging the same core facts against the same Defendants.

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). The Court may exercise its authority to consolidate such actions if it finds that such consolidation would "facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964); *see also Resnik v. Woertz*, 774 F.Supp.2d 614, 624–25 (D. Del. 2011).

The PSLRA also contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). Thus, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

That the two complaints are not identical is not an impediment to consolidating the cases. Although the *Orlando* action names two more defendants and asserts a putative class period that is longer than the class period in *Himes*, "common questions of law and fact predominate over these minor discrepancies." *Patel v. Coinbase Glob., Inc.*, 2022 WL 17582549, at *2 (D.N.J. Dec. 12, 2022) (consolidating securities class actions that proposed different class periods and another defendant because the complaints assert the same claims based on substantially the same alleged conduct); *see also Stires v. Eco Sci. Sols., Inc.*, 2018 WL 5784817, at *3 (D.N.J. Feb. 14, 2018) (consolidating securities class actions because "the complaints center on the same set of operative facts during substantially the same time period" and characterizing the variance in proposed class periods as a "minor difference[]"). The longer class period proposed by the *Orlando* suit, spanning from December 1, 2022, to July 16, 2024, typically governs to determine the lead plaintiff. *See Stires*, 2018 WL 5784817, at *7 n.2 (finding the use of the longer proposed class period for determining lead plaintiff proper because it includes more potential class members and covers more of the time in which defendants' alleged misrepresentations were underway).

Each of the above-captioned actions has been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. *See Patel*, 2022 WL 17582549, at *2; *Stires*, 2018 WL 5784817, at *7 n.2. Accordingly, the Actions should be consolidated under Fed. R. Civ. P. 42(a) for all purposes. *In re Sterling Fin. Corp. Sec. Class Action*, 2007 WL 4570729 (E.D. Pa. Dec. 21, 2007), at *1.

## II.      Trevor Bixby Should Be Appointed Lead Plaintiff

### A.      The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs appointment of lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Notice regarding the pendency of these actions was published on Globe Newswire by Levi & Korsinsky, LLP on August 1, 2024, and on Business Wire by Bernstein Litowitz Berger & Grossman LLP on September 16, 2024. *See* Ex. A to Lax Decl.; Ex. B to Lax Decl.[2] Within 60 days after publication of the first notice (*i.e.*, by September 30, 2024), any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides,

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice … (bb) in the determination of the court, has the largest financial interest in the relief sought by the

---

[2] Citations to the "Lax Decl." are to the declaration of Irene Lax, concurrently filed herewith.

class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001).

### B. Trevor Bixby Has Complied with the PSLRA

Under the PSLRA and within the required time frame after publication of the notice, Mr. Bixby timely moves this Court to be appointed as lead plaintiff on behalf of all members of the class. Mr. Bixby submits with this motion signed certification. *See* Ex. C to Lax Decl. Mr. Bixby has selected and retained competent lead and liaison counsel to represent it and the class. *See* Ex. E to Lax Decl. Accordingly, Mr. Bixby is entitled to have his application for appointment as Lead Plaintiff and selection of lead counsel considered and approved by the Court.

### C. Trevor Bixby Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as shown by, among other things, the accompanying signed Certification and loss chart, Mr. Bixby incurred a substantial loss of approximately $44,015.60 on a LIFO and FIFO basis in his transactions in FIVE common stock. *See* Ex. D to Lax Decl. At the time of this filing, Mr. Bixby believes he possesses the largest financial interest of any movant seeking lead plaintiff status.

### D. Trevor Bixby Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if these four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

6

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of these four, only two—typicality and adequacy—address the personal characteristics of the class representative. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry … should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.") Trevor Bixby satisfies both the typicality and adequacy requirements of Rule 23, justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims and the class claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See, e.g., In re Vicuron Pharma., Inc. Sec. Litig.*, 233 F.R.D. 421, 426 (E.D. Pa. 2006).

Mr. Bixby satisfies this requirement. Like all other class members, he invested in FIVE shares during the Class Period, made those investments in reliance on the allegedly materially false and misleading statements issued by Defendants; and thereby suffered damages. Thus, Mr. Bixby's claims are typical of those of other class members, since his claims and the claims of the other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In evaluating Mr. Bixby's adequacy, the Court should consider (i) whether the class representative's claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *Cendant*, 264 F.3d at 265; *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988).

Here, Mr. Bixby is an adequate representative of the class. As shown by the injury suffered by Mr. Bixby based on the materially false and misleading statements made by Defendants, his interests are aligned with the members of the class, and there is no antagonism between any of his interests and those of the class. Furthermore, and as explained below, Mr. Bixby has retained competent and experienced counsel to prosecute these claims.

Given these facts, Mr. Bixby satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### III.    The Court Should Appoint Trevor Bixby's Choice of Counsel

Under the PSLRA, the Proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Bixby has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions, to serve as Lead Counsel. Ex. E to Lax Decl. As recently noted by one district court,

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation* (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D. N.J. 2018) (ECF No. 21) (cleaned up).

Accordingly, the Court should approve Mr. Bixby's selection of counsel.

### CONCLUSION

For all these reasons, Trevor Bixby respectfully requests that the Court (i) consolidate the above-captioned cases; (ii) appoint Trevor Bixby as Lead Plaintiff in the Action; (iii) approve his

selection of Lead Counsel as set forth above; and (iv) grant such other relief as the Court may deem just and proper.

September 30, 2024                            Respectfully submitted,

                                             */s/ Irene Lax*
                                             Irene Lax (PA #314239)
                                             **BLOCK & LEVITON LLP**
                                             222 Delaware Avenue, Suite 1120
                                             Wilmington, DE 19801
                                             (302) 499-3600 phone
                                             irene@blockleviton.com

9

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 30, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Irene Lax
Irene Lax
