# EXHIBIT C

**CERTIFICATION PURSUANT
TO FEDERAL SECURITIES LAWS**

1.      I,    Steve Mahoney   , am the [Chief Investment Officer] of the Nova Scotia Pension Services Corporation ("NS Pension"), with authority to execute legally binding documents on NS Pension's behalf.  By statute, NS Pension is the Administrator of the Nova Scotia Public Service Superannuation Plan ("PSS").  I make this declaration on PSS's behalf, pursuant to §27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or §21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.      NS Pension was established by the Nova Scotia Pension Services Corporation Act ("NSPSCA"), Schedule A of the Financial Measures (2012) Act, Chapter 4 of the Acts of 2012, enacted by the Nova Scotia Governor and 4th Session, 61st General Assembly, "to provide pension administration and pension investment services" for, *inter alia*, PSS and "to carry out such other activities or duties as may be authorized or required by [NS Pension's] Board."  *Id.* §§8(a)-(b). The NSPSCA authorizes NS Pension to "perform such additional duties consistent with [the NSPSCA] as are considered by [NS Pension's] Board to be advantageous to [NS Pension]" and further provides that "[i]n respect of its objects, purposes and duties, [NS Pension] has the capacity and, subject to [the NSPSCA], the rights, powers and privileges of a natural person."  *Id.* §§(9)(1), 10.

3.      PSS was created by the Public Service Superannuation Act ("PSS Act"), Schedule B, Chapter 4 of the Acts of 2012, as amended.  NS Pension is PSS's Administrator (*id.* §§2(b), 45(3)), with statutory powers including "retaining such professional, technical, and other advisors as the Administrator considers necessary."  *Id.* §25(3)(h).  The Public Service Superannuation Plan Trustee Incorporated  ("PSSPTI") is PSS's Trustee and governed by a Board of 12 Directors and

1

one independent Chair.  *Id.* §§2(o), 6, 7(1), 7(3).  The Board "may delegate to the Administrator the power to execute agreements and other documents" (*id.* §21(5)) and "delegate any matters it considers appropriate to other persons" (*id.* §45(2)), and it has in fact delegated the authority to initiate and oversee lawsuits by or involving PSS to NS Pension, pursuant to the Nova Scotia Public Service Superannuation Plan Third Amended and Restated Administration Services and Investment Management Agreement dated April 1, 2013 and amended and restated as of April 1, 2021 ("Third ASIMA"), which provides that NS Pension shall "exercise and enforce any and all rights relating to or with respect to any securities of the Pension Fund, and to exercise and enforce in any action, suit or proceeding at law or in equity any right or remedy with respect to any securities with respect to any claim or proceeding by the Pension Fund."  *Id.* §7.03(19).

4.      Pursuant to its NSPSCA and PSS Act mandates, as well as the delegated powers by PSS's Board pursuant to the Third ASIMA, NS Pension is empowered to enter PSS into legally binding agreements and to initiate and oversee the conduct of litigation by PSS to recover investment losses in its pension assets, including the investment losses incurred in connection with the fraud alleged in this litigation.

5.      I have reviewed two complaints filed against Five Below, Inc. ("Five Below") and authorize the filing of a motion on PSS's behalf for appointment as lead plaintiff.

6.      PSS did not purchase or acquire Five Below securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

7.      PSS is willing to serve as a representative party on behalf of a class of investors who purchased or acquired Five Below securities during the Class Period as specified in the

2

Complaint, including providing testimony at deposition and trial, if necessary.  I understand that the Court has authority to select the most adequate plaintiff in this action.

8.    To the best of my current knowledge, the attached sheet lists all of PSS's transactions in Five Below securities during the Class Period.

9.    During the three-year period preceding the date on which this Certification is signed, PSS has not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

10.    PSS agrees not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond its pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

11.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed ____ September 27, 2024 _____
                        (Date)

_____
                        (Signature)
Steve Mahoney
Chief Investment Officer
Nova Scotia Pension Services Corporation,
on behalf of the
Nova Scotia Public Service Superannuation Plan

3