## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYLER HIMES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIVE BELOW, INC., and JOEL ANDERSON,<br><br>Defendants. | Case No. 2:24-cv-03638-GAM<br><br>CLASS ACTION |
| CITY OF ORLANDO POLICE OFFICERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FIVE BELOW, INC., JOEL ANDERSON, KENNETH BULL, and KRISTY CHIPMAN,<br><br>Defendants. | Case No. 2:24-cv-04905-GAM<br><br>CLASS ACTION |

**MEMORANDUM OF LAW BY ARKANSAS PUBLIC EMPLOYEES' RETIREMENT SYSTEM AND ARKANSAS TEACHER RETIREMENT SYSTEM IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   ARGUMENT ............................................................................................................ 3

      A.    The Arkansas Funds Are The Most Adequate Plaintiff .................................. 3

            1.    The Arkansas Funds Have The Largest Financial Interest .................... 3

            2.    The Arkansas Funds Otherwise Satisfy The
                  Requirements Of Rule 23 ...................................................................... 5

      B.    The Arkansas Funds' Choice Of Co-Lead Counsel Should Be Approved ...... 7

      C.    The Competing Motions Should Be Denied .................................................... 8

III.  CONCLUSION ......................................................................................................... 8

## TABLE OF AUTHORITIES

**Case**                                                                                                       **Page(s)**

*Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*,
    2020 WL 815136 (E.D. Pa. Feb.19, 2020) ........................................................................ 4, 5, 6

*Bruce v. Suntech Power Holdings Co.*,
    2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ........................................................................ 7

*Faris v. Longtop Fin. Techs. Ltd.*,
    2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ............................................................................ 8

*Huang v. Depomed, Inc.*,
    289 F. Supp. 3d 1050 (N.D. Cal. 2017) .................................................................................. 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001).......................................................................................... passim

*Lax v. First Merch. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .......................................................................... 4

*Reid v. Hemispherx Biopharma, Inc.*,
    2010 WL 11707722 (E.D. Pa. Feb. 12, 2010) ...................................................................... 9

*Reimer v. Ambac Fin. Grp.*,
    2008 WL 2073931 (S.D.N.Y. May 9, 2008) ........................................................................ 7

*Strougo v. Lannett Co.*,
    2018 WL 6271802 (E.D. Pa. Nov. 30, 2018) ........................................................................ 5

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
    2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) .................................................................... 4, 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................................... 1, 3
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...................................................................................... 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ......................................................................................... 2, 3
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...................................................................................... 5
15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................................... 8

**Other Authorities**

H.R. Conf. Rep. No. 104-369, *reprinted in* 195 U.S.C.C.A.N. 733 (1995) ................................... 6

The Arkansas Funds respectfully submit this memorandum of law in opposition to the competing motions for appointment as Lead Plaintiff (ECF Nos. 14-16, 18).[1]

## I.    PRELIMINARY STATEMENT

The Arkansas Funds should be appointed Lead Plaintiffs because they are the "most adequate plaintiff" and have the "largest financial interest" in the securities class action against Five Below under the standards set forth in the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition to the Arkansas Funds, four other movants filed motions seeking appointment as Lead Plaintiff: David Felton (ECF No. 15), Nova Scotia Public Service Superannuation Plan ("Nova Scotia") (ECF No. 18)[2], Mohammed Rahman (ECF No. 14), and Trevor Bixby (ECF No. 16).

As set forth in their opening motion, the Arkansas Funds incurred losses of over $5 million, which is ***more than eleven times*** greater than the loss of the next largest movant, and larger than the losses incurred by ***all competing movants combined***. As demonstrated by the chart below, none of the other movants has a financial interest that even approaches that of the Arkansas Funds:



---

[1] All capitalized terms are defined in the Arkansas Funds' opening brief, unless otherwise indicated. *See* ECF No. 17-1. All emphasis is added, and citations omitted unless noted.

[2] Nova Scotia filed its motion four minutes after the midnight deadline. *See* ECF No. 18.

1

In addition, the Arkansas Funds purchased more Five Below shares on both an absolute and net basis and expended greater net funds than any competing movant. Indeed, ATRS and APERS each ***individually*** incurred a larger loss, purchased more Five Below shares on both an absolute and net basis, and expended greater net funds than any competing movant. *Compare* ECF No. 17-5 *with* ECF Nos. 14-6; 15-2 at 10-13; 16-7; 18-3. Thus, by any relevant metric, the Arkansas Funds have the "largest financial interest" in the relief sought by the Class. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). In recognition of the fact that the Arkansas Funds have the largest financial interest of any movant, are otherwise adequate to represent the Class, and thus have a superior claim to Lead Plaintiff appointment, three of the four competing movants have stated that they do not oppose the Arkansas Funds' appointment as Lead Plaintiffs or have withdrawn their motion. *See* ECF Nos. 19 at 1; 20 at 1; 21 at 1. As of this filing, only movant Trevor Bixby – with the lowest loss of all the movants – has filed neither a non-opposition to the Arkansas Funds' appointment nor a withdrawal of his motion.

The Arkansas Funds also satisfy the typicality and adequacy requirements of Rule 23 and are ideally suited to represent the Class. As institutional investors with a long-standing pre-existing relationship and experience successfully serving as lead plaintiffs under the PSLRA, the Arkansas Funds fully understand the Lead Plaintiffs' obligations to the Class and have the experience, resources, and commitment to vigorously prosecute this action. *See* ECF No. 17-6 ¶¶ 6, 11-12, 14.

Because the Arkansas Funds have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy, they are entitled to a strong presumption that they are the most adequate plaintiff. Under the PSLRA, that presumption can only be rebutted "***upon proof***" that the Arkansas Funds are inadequate or atypical. 15 U.S.C.

§ 78u-4(a)(3)(B)(iii)(II).  No such "proof" exists.  Indeed, there are no grounds to challenge the Arkansas Funds' application.

Accordingly, the Arkansas Funds should be appointed Lead Plaintiffs and their motion should otherwise be granted.

## II.    ARGUMENT

### A.    The Arkansas Funds Are The Most Adequate Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest need only make a "*prima facie*" showing that it satisfies Rule 23's typicality and adequacy requirements.  *Cendant*, 264 F.3d at 264.  Once this presumption is triggered, it can only be rebutted upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  *Id.* at 268; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Thus, to overcome the strong presumption entitling the Arkansas Funds to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

#### 1.    The Arkansas Funds Have The Largest Financial Interest

The Arkansas Funds have, by any measure, the largest financial interest in the relief sought by the Class in this action.  Courts across the country, including courts in this Circuit, have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation.  *See*, *e.g.*, *Cendant*, 264 F.3d at 262-64 (PSLRA's sequential process for appointing Lead Plaintiff begins with the movant that asserts "the largest financial losses").  As illustrated below, the Arkansas Funds incurred losses of over $5 million on a LIFO

3

basis,[3] which is ***more than eleven times*** the losses incurred by the movant with the next-largest loss, David Felton, and larger than the losses incurred by ***all other movants combined***. *See Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2020 WL 815136, at *3 (E.D. Pa. Feb.19, 2020) (appointing group of institutional investors that collectively had "the largest financial interest by a wide margin"). Moreover, the Arkansas Funds also have the largest financial interest based on the other factors courts in this Circuit consider in making that determination, having purchased the most total shares, expended the most net funds, and suffered the largest losses. *See Cendant*, 264 F.3d at 262 (citing *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). The chart below amply illustrates the Arkansas Funds' superiority by each of those three measures:

| Movant(s) | LIFO Loss | Shares Purchased | Net Funds Expended |
|---|---|---|---|
| **The Arkansas Funds** | **$5,022,206** | **67,676** | **$10,105,643** |
| David Felton | $453,799 | 29,655 | $407,582 |
| Nova Scotia | $305,501 | 6,280 | $305,501 |
| Mohammed Rahman | $44,474 | 1,020 | $126,179 |
| Trevor Bixby | $44,016 | 4,478 | $157,530 |

Indeed, both ATRS and APERS each ***individually*** incurred losses on a LIFO basis larger than any other competing movant. They likewise each ***individually*** purchased more total shares than any other competing movant and expended more net funds than any other competing movant.[4]

---

[3] Courts in this District "have preferred LIFO and have generally rejected [first-in, first-out] as an appropriate means of calculating losses in securities fraud cases." *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, 2014 WL 1395059, at *6 (E.D. Pa. Apr. 10, 2014).

[4] Specifically, as set forth in the Arkansas Funds' opening submission, ATRS incurred a loss of $2,636,130, and APERS incurred a loss of $2,386,075. *See* ECF No. 17-5 at 2-3.

*See Strougo v. Lannett Co.*, 2018 WL 6271802, at *7 (E.D. Pa. Nov. 30, 2018) (appointing a group of investors that each had a greater loss than the competing movant and thus "did not aggregate their claims to secure lead plaintiff position"). As such, the Arkansas Funds have, ***by every measure***, "the largest financial interest in the relief sought by the class" and should be appointed Lead Plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.      The Arkansas Funds Otherwise Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, the Arkansas Funds also satisfy the typicality and adequacy requirements of Rule 23. As demonstrated in their opening motion and supporting declaration, the Arkansas Funds are typical Class representatives. *See* ECF Nos. 17-1 at 9-10; 17-6 ¶¶ 2, 4. Like all other Class members, the Arkansas Funds (1) purchased Five Below common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements, and (3) were damaged thereby. *See Energy Transfer*, 2020 WL 815136, at *6.

The Arkansas Funds also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). As set forth in their Joint Declaration, the Arkansas Funds are sophisticated institutional investors that understand and accept the duties and responsibilities owed to other Class members to monitor the prosecution of this action and ensure that it proceeds in the best interests of the Class. *See* ECF No. 17-6 ¶¶ 3, 5, 7, 16. The Arkansas Funds' adequacy is further demonstrated by the fact that there is no conflict of interest between the Arkansas Funds' interests and those of the other Class members. To the contrary, the interests of the Arkansas Funds and those of the other Class members are directly aligned because all suffered damages from their purchases of Five Below common stock, the price of which was artificially inflated by

5

Defendants' misconduct. *See* ECF No. 17-1 at 4-7. The Arkansas Funds clearly have a sufficient interest in ensuring the vigorous prosecution of this litigation and have provided evidence of their commitment to prosecuting this action efficiently and in the best interests of the Class. *See* ECF No. 17-6 ¶¶ 7, 9, 11-12.

Indeed, the Arkansas Funds are exactly the kind of Lead Plaintiffs Congress envisioned when enacting the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Cendant*, 264 F.3d at 244. As set forth in their Joint Declaration, the Arkansas Funds have a pre-existing relationship with each other, and both are sophisticated institutional investors that have experience prosecuting securities class actions as Lead Plaintiffs and are committed to achieving the best possible result for the Class here. *See* ECF No. 17-6 ¶¶ 3, 5-6. Prior to seeking appointment as Lead Plaintiffs, representatives of the Arkansas Funds conferred together and discussed, among other things, the possibility of seeking appointment jointly and whether doing so would be in theirs and the Class's best interests. *Id.* ¶ 9. Following those deliberations, the Arkansas Funds independently determined that it was in each of their best interests, and in the best interests of the Class, for the Arkansas Funds to partner together to lead this case. *See id.* ¶ 10. Such a showing is more than sufficient to satisfy the adequacy requirement here. *See Energy Transfer*, 2020 WL 815136, at *8 (appointing a group of five institutional investors based on attestations in a joint declaration regarding the group's willingness to prosecute the case in the best interest of all class members, which the court determined "must be accorded substantial weight"); *DFC Glob.*, 2014 WL 1395059, at *7 (appointing institutional investor group that submitted joint declaration, in which group "agree[d]

to take full responsibility for providing fair and adequate representation and overseeing counsel and espouse[d] its commitment to prosecuting this litigation vigorously and efficiently").

Moreover, because each individual member of the Arkansas Funds has a larger financial interest than any other competing movant, there can be no argument their partnership here is somehow improper. To the contrary, courts have repeatedly recognized the benefit of appointing small, cohesive groups of institutional investors like the Arkansas Funds here. *See Reimer v. Ambac Fin. Grp.*, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (appointing institutional group where each individual member's loss was greater than that of competing movant); *Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) ("[T]his Court need not address the issue [of aggregating losses] because . . . [one member of the group] alone . . . has the largest interest of any movant."); *Bruce v. Suntech Power Holdings Co.*, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012) (appointing a "small and cohesive group" where one of its members asserts the largest financial interest "on his own").

The Arkansas Funds have further demonstrated their adequacy by selecting Berger Montague and Bernstein Litowitz—counsel that is highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Co-Lead Counsel for the Class. Accordingly, because the Arkansas Funds have the largest financial interest in the relief sought by the Class and otherwise satisfy Rule 23, the Court should appoint them as Lead Plaintiffs.

**B.    The Arkansas Funds' Choice Of Co-Lead Counsel Should Be Approved**

The Court should approve the Arkansas Funds' selection of Berger Montague and Bernstein Litowitz to serve as Co-Lead Counsel. As set forth more fully in the Arkansas Funds' opening brief, the PSLRA vests authority in the Lead Plaintiff to select and retain counsel to

represent the class, subject to Court approval.  *See* ECF No. 17-1 at 10-12; 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 276 (noting that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Both Berger Montague and Bernstein Litowitz have long histories of successfully litigating securities class actions on behalf of injured investors, including several landmark recoveries that were litigated in this District.  *See* ECF Nos. 17-9; 17-10.  Accordingly, the Court should approve the Arkansas Funds' selection of Berger Montague and Bernstein Litowitz as Co-Lead Counsel for the Class.

### C.      The Competing Motions Should Be Denied

Because the Arkansas Funds have met all the requirements for appointment as Lead Plaintiff, the Court need not consider any of the competing motions.  *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").  In any event, as of this filing, three of the four competing movants have recognized that they are not the "most adequate plaintiff" and have indicated that they do not oppose the Arkansas Funds' motion to serve as Lead Plaintiffs here or have withdrawn their motion. *See* ECF Nos. 19 at 1; 20 at 1; 21 at 1. The only movant who has not is movant Trevor Bixby, who has the lowest loss of any of the five movants.

### III.    CONCLUSION

For these reasons, the Arkansas Funds respectfully request that the Court appoint them as Lead Plaintiffs, approve their selection of Berger Montague and Bernstein Litowitz as Co-Lead

Counsel for the Class, consolidate the related Actions, and grant such other relief as the Court may deem just and proper.[5]

Dated: October 15, 2024

BERGER MONTAGUE PC

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo
Andrew D. Abramowitz
Alex B. Heller
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (214) 875-3000
mdellangelo@mb.net
aabramowitz@bm.net
aheller@bm.net

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiffs the
Arkansas Funds and Proposed Co-Lead
Counsel for the Class*

---

[5] All movants agree that consolidation of the related Actions is appropriate. *See* ECF Nos. 14-2 at 4; 15-1 at 4-5; 16-1 at 3-4; 18-1 at 5-7. Accordingly, the related Actions—which present virtually identical factual and legal issues arising out of the same alleged misconduct by overlapping Defendants during substantially overlapping class periods—should be consolidated pursuant to Rule 42(a). *See* ECF No. 17-1 at 16; *see also Reid v. Hemispherx Biopharma, Inc.*, 2010 WL 11707722, at *2 (E.D. Pa. Feb. 12, 2010) (consolidating securities class actions under Rule 42(a) based on identical legal claims where no movant opposed consolidation).

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo
