IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE FIVE BELOW, INC. SECURITIES LITIGATION | Case No. 24-3638 <br><br> <u>CLASS ACTION</u> <br><br> <u>JURY TRIAL DEMANDED</u> |

## <u>REPORT OF RULE 26(f) MEETING</u>

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiffs Arkansas Teacher Retirement System ("ATRS") and Arkansas Public Employees' Retirement System ("APERS" and together with ATRS, "Plaintiffs") and counsel for Defendants Five Below, Joel D. Anderson, and Kenneth R. Bull (collectively, "Defendants" and with Plaintiffs, the "Parties") conferred on September 5, 2025, and jointly submit the following report of their meeting for the Court's consideration.

**I.      Discussion of Claims, Defenses, and Relevant Issues**

   **A.      Plaintiffs' Discussion**

This is a putative securities law class action brought on behalf of all persons or entities who purchased or otherwise acquired Five Below common stock between December 1, 2022 through July 16, 2024, inclusive (the "Class Period"), and who allegedly suffered damages thereby. Plaintiffs assert claims arising under §§ 10(b) and 20(a) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder.

Five Below is an "extreme value" retailer offering popular or "trend-right" merchandise. The Company's business depends on identifying and sourcing trend-right products at low costs and then quickly selling them to capitalize on existing trends before those trends fade and new

trends emerge. The Complaint alleges that, throughout the Class Period, Defendants made numerous materially false and misleading statements and omissions: (i) touting the Company's trend-right strategy while omitting its problems executing that strategy; (ii) misrepresenting and omitting its inventory management problems; and (iii) falsely blaming shrink for the Company's disappointing financial results.

As a result of these misrepresentations, Five Below common stock traded at artificially inflated prices throughout the Class Period. Plaintiffs allege that the disclosures on June 5, 2024 and July 16, 2024, removed the inflation in Five Below's stock that was maintained or caused by Defendants' false and misleading statements.[1]

Plaintiffs have alleged, and will seek to prove, Defendants' violations of the Exchange Act as sustained by the Court, while reserving all rights concerning the dismissed claims. Plaintiffs also believe their claims readily satisfy the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

**B.    Defendants' Discussion**

Defendants intend to pursue the following affirmative defenses. Each of Lead Plaintiff's claims must fail because, *inter alia*:

- neither Lead Plaintiff nor any member of the putative Class can establish a misstatement or omission of material fact, scienter, loss causation, and/or damages;

---

[1] Plaintiffs' discussion does not include challenged statements that the Court dismissed. ECF No. 45 at 6-51; ECF No. 46. Plaintiffs' discussion also omits the disclosure on March 20, 2024, which the Court held did not constitute a corrective disclosure for purposes of loss causation. ECF No. 45 at 64-65. Plaintiffs reserve their right to seek to amend their pleadings.

2

- neither Lead Plaintiff nor any member of the putative Class can establish the primary liability necessary to support their claims for "control person" liability under Section 20(a) of the Exchange Act;

- Defendants had no duty to disclose, or cause the disclosure of, any allegedly omitted material information;

- Lead Plaintiff and each member of the putative Class had actual or constructive knowledge of some or all of the facts alleged in the Amended Complaint upon which Defendants' liability is asserted and therefore assumed the risk the value of the Company's common stock could decline;

- Lead Plaintiff and each member of the putative Class did not reasonably rely on any alleged misrepresentation or omission (even if one existed, which it did not), or on any alleged superior expertise and knowledge of Defendants, or on the integrity of the market, in purchasing or acquiring the Company's common stock;

- any depreciation in the market price of the securities purchased by Lead Plaintiff and members of the putative class resulted from factors other than the alleged misrepresentations or omissions set forth in the Amended Complaint; and

- any alleged damages to Lead Plaintiff or a member of the putative Class were caused by that plaintiff's own negligence in failing to conduct a reasonably diligent investigation of the risks associated with its investment and/or their failure to mitigate damages.

In addition, this action is not properly maintainable as a class action because the putative class does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Defendants reserve the right to assert additional affirmative defenses.

## II. Initial Disclosures

The Parties plan to serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than September 29, 2025.

## III. Formal Discovery

The Parties believe that discovery is required as to issues concerning liability, damages, loss causation, class certification, and defenses. The Parties do not anticipate any undue difficulty or disagreement on how to conduct electronic discovery. The Parties have taken appropriate steps, such as disseminating retention notices to any potential document custodians or party witnesses, to preserve documents and data they reasonably believe may be relevant in this litigation.

The Parties have agreed upon the schedule below. Plaintiffs proposed that the date for substantial completion of documents be significantly earlier but have agreed to the below date with the understanding that the Parties will make material document productions on a rolling basis, from the outset of the discovery period, and not materially defer production of documents until February 6, 2026.

## IV. Schedule

The Parties propose the following agreed-upon schedule:

| Event | Date |
|---|---|
| Rule 26(f) Conference | September 5, 2025 |
| Initial Disclosures | September 29, 2025 |
| Deadline to meet and confer re: search terms for documents from agreed-upon key custodians | 30 days following service of written discovery requests |
| Defendants' Answer | October 3, 2025 |
| Deadline to submit proposed ESI order and proposed protective order to Court | October 16, 2025 |

4

| Event | Date |
|---|---|
| Deadline to reach agreement re: search terms for documents from agreed-upon key custodians | 30 days following meet and confer re: search terms for documents from agreed-upon key custodians |
| Deadline for substantial completion of all rolling document production | February 6, 2026 |
| Deadline for Plaintiffs to move for class certification and file expert disclosures and reports relating to class certification | January 16, 2026 |
| Deadline to make Plaintiffs' expert available for deposition | February 2, 2026 |
| Deadline to exchange initial privilege logs (after which Parties are to exchange privilege logs on a rolling basis within 14 days of production) | March 6, 2026 |
| Deadline to file any opposition to class certification and file rebuttal expert disclosure and reports relating to class certification | March 13, 2026 |
| Deadline to make Defendants' expert available for deposition | April 1, 2026 |
| Deadline to file reply in support of class certification and file reply expert disclosure and reports relating to class certification | April 30, 2026 |
| Hearing for class certification | A date to be chosen by the Court. |
| Fact discovery cutoff | June 30, 2026 |
| Deadline to serve opening expert reports for the party bearing the burden of proof | July 17, 2026 |
| Deadline to depose merits experts[2] | August 28, 2026 |
| Deadline to serve rebuttal expert reports | September 18, 2026 |
| Deadline to serve reply expert reports | October 16, 2026 |
| Expert discovery cutoff | November 13, 2026 |
| Summary judgment | December 11, 2026 |
| Summary judgment opposition | January 29, 2027 |
| Summary judgment reply | March 5, 2027 |
| Hearing for summary judgment | A date to be chosen by the Court. |

**IV.    Proposed Limits or Modifications to Discovery Rules**

The Parties agree that there should be up to 20 fact depositions (not including depositions of experts) per side, except upon application and good cause shown.

---

[2] To the extent such subject was not addressed in prior deposition regarding class certification.

5

### V. Proposed Limits or Modifications to Written Discovery Rules

Plaintiffs believe that there should be up to 40 interrogatories per side. Defendants believe that there should be 25 interrogatories per side, except upon application and good cause shown.

### VI. Electronic Discovery

The Parties have agreed that by no later than October 16, 2025, they will submit to the Court a protocol governing the production of electronically stored information ("ESI") that will govern document production and discovery in this case. The Parties have also agreed that they will stipulate to a protective order that they will submit to the Court by October 16, 2025.

### VII. Expert Witness Disclosures

The Parties anticipate that they will engage experts. The Parties have agreed to exchange expert reports and conduct expert discovery pursuant to the timeline set forth in Section IV above.

### VIII. Early Settlement or Resolution

The Parties have met-and-conferred regarding alternative dispute resolution. The Parties intend on retaining a private mediator and scheduling a private mediation session at a mutually agreeable time.

### IX. Trial Date

Plaintiffs have requested a trial by jury. Based on the current disposition of the case, the number of alleged claims, and due to the ongoing investigation and discovery of facts, the Parties are unable to accurately estimate the length of trial at this time.

Dated: September 19, 2025

Respectfully submitted,

*/s/ James A. Harrod*
Hannah Ross
James A. Harrod
Timothy G. Fleming
Sarah Schmidt
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**

1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah.ross@blbglaw.com
jim.harrod@blbglaw.com
timothy.fleming@blbglaw.com
sarah.schmidt@blbglaw.com

Michael Dell'Angelo
Andrew D. Abramowitz
Alex B. Heller
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net
aabramowitz@bm.net
aheller@bm.net

*Counsel for Plaintiffs*

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Jay A. Dubow*
Jay A. Dubow (PA Bar No. 41741)
Erica H. Dressler (PA Bar No. 319953)
Katherine R. Hancin (PA Bar No. 335719)
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Email: jay.dubow@troutman.com
Email: erica.dressler@troutman.com
Email: katie.hancin@troutman.com

Mary M. Weeks (*pro hac vice*)
Hannah Baskind (*pro hac vice*)
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30062
Telephone: (404) 885-3000
Email: mary.weeks@troutman.com
Email: hannah.baskind@troutman.com

*Counsel for Defendants*