IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE FIVE BELOW, INC. SECURITIES LITIGATION | Case No.  24-3638<br><br>**STIPULATED PROTOCOL REGARDING THE DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS** |

**1.      PURPOSES AND LIMITATIONS**

Court-appointed Lead Plaintiffs Arkansas Teacher Retirement System and Arkansas Public Employees' Retirement System, and Defendants Five Below, Inc., Joel Anderson, and Kenneth Bull (collectively, the "Parties") mutually agree to the following protocol ("Protocol") regarding the discovery of electronically stored information ("ESI") and hard copy documents in the above-captioned case. This Protocol is intended to provide for effective and efficient discovery in accordance with the Federal Rules of Civil Procedure. Nothing in this Protocol alters either Party's rights, obligations, and responsibilities under the Federal Rules of Civil Procedure.

**2.      DEFINITIONS**

2.1    Action: the above-captioned matter, *In re Five Below, Inc. Securities Litigation*, Case No. 2:24-cv-03638-GAM (E.D. Pa.).

2.2    Attachment: a Document that is stored within the physical Native File of another Document.  For purposes of this Protocol, an Attachment does not include a Document stored in a secondary location outside of the referencing Document's physical Native File.

2.3    Bates number: a page-level unique alphanumeric identifier associated with every document produced, consisting of (1) an alphabetic portion identifying the Producing Party and/or

other characteristics of the production; and (2) a numeric portion incremented according to a scheme defined at the Producing Party's discretion to ensure that the alphanumeric identifier for each page is unique.  Document-level Bates numbers may be appropriate in limited circumstances, such as the production of native files.

      2.4      <u>Custodian</u>: the person from whom a Document was collected.

      2.5      <u>Discoverable Information</u>: all documents and ESI that are discoverable in this litigation pursuant to the Federal Rules of Civil Procedure, that are responsive to specific requests for production, and that are not subject to an objection asserted by the Producing Party.

      2.6      <u>Document:</u> a collection of pages or file(s) constituting a logical single communication of information produced or inspected as a single record pursuant to Federal Rule of Civil Procedure 34(a).

      2.7      <u>Electronically Stored Information or "ESI"</u>: information or data that is originally created, edited, used, communicated, and stored in digital format as described in Federal Rule of Civil Procedure 34(a).

      2.8      <u>Extracted Text:</u> the text extracted from a Document, and includes all header, footer, and document body information when available.

      2.9      <u>Hard Copy Document:</u> any Document kept in physical, paper form, as opposed to electronic form, in the usual course of business.

      2.10      <u>In-house Counsel:</u> the attorneys employed directly by a Party, including staff and other legal professionals acting at their direction.

      2.11      <u>Load File:</u> an electronic file containing information identifying a set of paper-scanned images or processed ESI and indicating where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A Load File

should also contain data relevant to the individual Documents, including extracted and user-created Metadata as required by Exhibit A, to the extent available.

2.12    Metadata: (i) information embedded in or associated with a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File and that describes the characteristics, origins, usage or validity of the electronic file; or (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

2.13    Native Format or Native File: the associated file format defined by the original application with which an electronic file was created.

2.14    Non-Custodial Sources: shared data repositories maintained in the ordinary course of business and not necessarily associated with individual Custodian(s). Examples of Non-Custodial Sources may include, but are not limited to, shared file cabinets, shared network drives or fileservers, collaboration platforms, electronic document management systems, or databases.

2.15    Outside Counsel: the attorneys and employees of any external law firm representing a Party to this Action.

2.16    OCR Text: searchable text from a Document generated by means of optical character recognition performed using appropriate software.

2.17    Privileged Information: Documents or ESI protected from disclosure by the attorney client privilege, work product protection, or other applicable protections or privileges.

2.18    Producing Party: a party that is producing Discoverable Information.

2.19    Receiving Party: a party that is receiving Discoverable Information.

2.20    Sensitive Personally Identifiable Information ("PII"): includes information

protected from disclosure by specific laws or standards as well as sensitive personal information that is not likely to be relevant to the issues in this matter, including:

- Protected Health Information ("PHI") that is protected from public disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), pursuant to Title 45, Chapter 164 of the Code of Federal Regulations;
- Payment Card Information ("PCI") that identifies payment card details and account numbers of individual consumers; and
- Social Security numbers, driver's license numbers, taxpayer identification numbers, passport numbers, state-issued identification numbers, financial account numbers, dates of birth, home addresses, personal mobile telephone numbers, or personal email addresses.

**3.     COOPERATION AND PROPORTIONALITY**

3.1     The Parties agree to take reasonable steps to preserve all potentially relevant documents and ESI in their possession, custody, or control. The Parties agree that all potentially relevant documents and ESI should be preserved while this Action is pending.

3.2     The Parties agree to take the proportionality considerations addressed in Rule 26(b)(1) of the Federal Rules of Civil Procedure into account for purposes of preservation and production of ESI and Hard Copy Documents in this Action. This Protocol is not intended to expand the Parties' obligations under the Federal Rules of Civil Procedure.

3.3     The Parties agree to exercise reasonable efforts to meet and confer regarding any disagreements that arise as a result of the implementation of this Protocol. This provision does not require the Parties to reach agreement before taking steps in furtherance of the preservation, collection, filtering, review, or production of documents and electronically stored information.

4. **IDENTIFICATION AND PRODUCTION OF POTENTIALLY DISCOVERABLE INFORMATION**

    4.1    <u>Production in Accordance with Federal Rules</u>.  The Parties agree to identify, collect, and produce responsive documents and ESI in accordance with the Federal Rules of Civil Procedure.

    4.2    <u>Searching ESI for Responsive Information.</u> Each Producing Party shall design and implement the methods it uses to identify, cull, and review its potentially responsive ESI based on its knowledge and understanding of its own data, the facts and issues involved in the Action, and the Receiving Party's discovery requests. A Producing Party may apply search terms to appropriate sources and may also conduct a targeted collection of sources likely to contain responsive materials. The Parties will meet and confer regarding search terms to cull potentially responsive ESI within 30 days following service of written discovery requests, and the Parties are required to reach an agreement regarding the search terms within 30 days following the meet and confer.

    4.3    <u>Technology-Assisted Review</u>. If a Party uses technology-assisted review to cull the documents to be reviewed or produced, the intention to employ this technology must be disclosed to the Receiving Party prior to use.

    4.4    <u>Privacy Redactions</u>.  Producing Parties may redact Protected Personally Identifiable Information from responsive Documents prior to production.  If Personally Identifiable Information is redacted, the Producing Party will label the redactions as "Redacted – PII." Any Receiving Party who receives Documents including Protected Personally Identifiable Information shall treat such Documents as Confidential pursuant to the terms of the Stipulated Protective Order entered in this matter.

    4.5    <u>Rolling Production.</u> Producing Parties may phase the production of Documents in

accordance with Rule 34 of the Federal Rules of Civil Procedure.

4.6     <u>Deduplication.</u> Each Party shall remove duplicate ESI globally (across Custodians), including without limitation electronic mail, to reduce unnecessary cost of reviewing and producing duplicative ESI, in accordance with the Production Format described in Exhibit A. If any member of a family group is produced, all non-privileged members of that group must also be produced and no such member shall be withheld from production as a duplicate.

4.7     <u>Email Threading</u>. To limit the volume of duplicative content produced from email threads, the Parties may utilize email-threading analytics software to exclude duplicative or "non-inclusive" content wholly contained within later-in-time or "inclusive" email threads, provided that the Producing Party treats all emails that have unique substantive content (including attachments) as inclusive emails that will not be excluded from production.

4.8     <u>Review and Production of Hard Copy Documents.</u> Each Producing Party is entitled to collect, scan, and review its Hard Copy Documents before producing only those documents that are responsive and not privileged or subject to other protection in the document production format described in Exhibit A.

4.9     <u>Production Format.</u> The Parties shall produce documents and ESI according to the format specified in Exhibit A, attached hereto. To the extent production of specific documents or ESI in the format described in Exhibit A would be impractical or unduly burdensome, the Parties will meet and confer in good faith to attempt to agree on an acceptable format for production pursuant to Federal Rule of Civil Procedure 34(b)(2)(E).

4.10    Parties shall make reasonable efforts to ensure that all Documents and ESI produced is accessible and decrypted. For password-protected Documents or ESI, the Producing Party shall make reasonable efforts to provide the necessary passwords.

**5.     NON-WAIVER OF PRIVILEGE**

5.1     Producing Parties are not required to produce Documents until a protective order is entered in this matter that includes protections against the waiver of privilege pursuant to Federal Rule of Evidence 502(d).

5.2     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**6.     PREPARATION OF PRIVILEGE LOGS**

6.1     The obligation to provide a log of privileged or work product materials pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) presumptively shall not apply to:

(a)     Communications between a Party and its Outside or In-House Counsel that occurred on or after the filing of the initial Complaint in this Action;

(b)     Attorney work product created by Outside or In-House Counsel for the Parties;

(c)     Internal communications within Outside or In-House Counsel for the Parties that occurred on or after the filing of the initial Complaint in this Action;

(d)     Communications between a Party or its Outside or In-House Counsel and any expert or consultant retained, or consulted with, regarding this litigation or any issues related to the issues in this litigation;

(e)     Documents created on or after the filing of the initial Complaint in this Action.

6.2     The Parties agree that, except as provided herein regarding presumptively privileged documents and ESI, they will produce privilege logs and will exchange information regarding claims of privilege and/or work product protection in an efficient manner. For documents and ESI that have been withheld or redacted as privileged, the withholding or redacting

7

Party shall provide a privilege log of such documents and ESI, providing the following objective metadata to the extent reasonably available and not itself subject to being withheld as privileged or otherwise protected: date, author(s), custodian(s), recipient(s), file type, and filename/subject (to the extent they do not reveal protected content). In addition, the withholding or redacting Party shall also indicate for each document on their privilege log the privilege being asserted (e.g., "ACP" for attorney-client privilege, "WP" for work product, or other descriptions as necessary based on the specific privilege being claimed); a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the clam of privilege or immunity; the Bates numbers for redacted documents; and a unique document number/identifier, which need not be formatted as, or consecutive with, Bates numbers of produced documents (e.g., "Def_Priv_00001"). The Parties agree to confer in good faith should the need arise for disclosure of more information on the privilege log than the fields identified above.

6.3    The Producing Party may include only a single privilege log entry for multiple email messages in the same email thread to the extent such messages are contained in a single "inclusive" email thread and subject to the same claim of privilege.

6.4    Where a Party is asserting privilege on the same basis with respect to multiple documents, such descriptions may be provided by group or category.

**7.    MODIFICATION**

This Protocol may be modified by further agreement in writing by the Parties hereto for good cause shown.

**8.    APPORTIONMENT OF COSTS**

The costs of production shall generally be borne by the Producing Party. However, in

agreeing to this Protocol, no Party waives or relinquishes any right or interest it may have under

Federal Rule of Civil Procedure 26(b)(2)(B) to seek cost shifting.

**THE FOREGOING IS AGREED TO BY THE PARTIES BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD:**

DATED: October 16, 2025

| TROUTMAN PEPPER LOCKE LLP | BERGER MONTAGUE PC |
|---|---|
| s/ *Jay A. Dubow* | s/ *Michael Dell'Angelo* |
| Jay A. Dubow (PA Bar No. 41741) | Michael Dell'Angelo |
| Erica H. Dressler (PA Bar No. 319953) | Andrew D. Abramowitz |
| Katherine R. Hancin (PA Bar No. 335719) | Alex B. Heller |
| 3000 Two Logan Square | 1818 Market Street, Suite 3600 |
| Eighteenth & Arch Streets | Philadelphia, PA 19103 |
| Philadelphia, PA 19103-2799 | Telephone: (215) 875-3000 |
| Telephone: (215) 981-4000 | Email: mdellangelo@bergermontague.com |
| Email: jay.dubow@troutman.com | Email: aabramowitz@bergermontague.com |
| Email: erica.dressler@troutman.com | Email: aheller@bergermontague.com |
| Email: katie.hancin@troutman.com | |
| | |
| Mary M. Weeks (admitted pro hac vice) | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP |
| Hannah Baskind (admitted pro hac vice) | |
| 600 Peachtree St. NE, Suite 3000 | |
| Atlanta, GA 30062 | s/ *James A. Harrod* |
| Telephone: (404) 885-3000 | Hannah Ross |
| Email: mary.weeks@troutman.com | James A. Harrod |
| Email: hannah.baskind@troutman.com | Timothy G. Fleming |
| | Sarah Schmidt |
| *Counsel for Defendants* | Kelly Hogan |
| | 1251 Avenue of the Americas |
| | New York, NY 10020 |
| | Telephone: (212) 554-1400 |
| | Facsimile: (212) 554-1444 |
| | Email: hannah.ross@blbglaw.com |
| | Email: jim.harrod@blbglaw.com |
| | Email: timothy.fleming@blbglaw.com |
| | Email: sarah.schmidt@blbglaw.com |
| | Email: kelly.hogan@blbglaw.com |
| | |
| | *Counsel for Lead Plaintiffs and Co-Lead Counsel for the Class* |

**Exhibit A - Document Production Format**

Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below. Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated document information and metadata for each document. The original native files shall be preserved.

ESI shall be collected in a manner that preserves metadata to the extent reasonably possible.

ESI duplicates shall be identified by calculating an MD5, SHA-1 or SHA-256 hash value for each file using the entire contents of each file or an industry standard combination of metadata and extracted text information for each file and then comparing the resulting hash values of each file to identify exact matches only. ESI duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. A duplicate custodian field ["DupCustodian"] shall be provided that identifies each custodian from whom the document was collected, including any custodians' whose copy was removed because it was identified as a duplicate. Any duplicate ESI that is not produced shall be preserved.

Specific technical production format details:

- Native ESI and paper shall be converted to black and white 300 dpi TIFF format image files with Group IV compression and one TIFF file per page. Upon written request, a producing party shall produce color images for selected documents provided the volume of documents selected for color production is reasonable. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, audio file, or video file, the original native files should be produced in addition to a single page TIFF placeholder for each document. The placeholder should be endorsed with "Native Format Document," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document. Any confidentiality or other designations stamped on the placeholder for such a document shall apply to the entire native file and its contents;

- For documents whose native format is MS PowerPoint, the original native files shall be produced with a slip sheet. The produced native file should be named with the beginning Bates number assigned to that document and produced with any speaker notes included. Any confidentiality or other designations stamped on the image(s) for such a document shall apply to the entire native file and its contents;

- Notwithstanding the above, original native files need not be produced for documents produced with redacted images, regardless of original native file format;

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the document's original text or images;

- One text file per document which contains searchable text for the document shall be provided for all ESI and scanned paper documents. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in a delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below to the extent it is available and not subject to being withheld as privileged or otherwise protected. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows: Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059)

Document Information and Metadata To Be Produced

| *Field* | *Data Type* | *Paper* | *Native Files & Email Attachments* | *Email* |
|---|---|---|---|---|
| ProdBeg | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| ProdEnd | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| ProdBegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| ProdEndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |

11

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed in the ordinary course of business | File path/folder structure for the original native file as it existed in the ordinary course of business. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |

12

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| Date_Sent | Date (mm/dd/yyyy) | | | Date message sent |
| Time_Sent | Time (hh:mm:ss) | | | Time message sent |
| Date_Rcvd | Date (mm/dd/yyyy) | | | Date message received |
| Time_Rcvd | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| Date_Created | Date/Time (mm/dd/yyyy) | | Date file was created | |
| Date_LastMod | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| Confidentiality | Text | Any confidentiality designation asserted on the document | Any confidentiality designation asserted for the document | Any confidentiality designation asserted for the document |
| Redacted | Text | If document contains redactions, field will be populated with "Has Redactions" | If document contains redactions, field will be populated with "Has Redactions" | If document contains redactions, field will be populated with "Has Redactions" |
| MD5 Hash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| Time Zone Field | Text | | Time Zone used to process data | Time Zone used to process data |

13

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |
| Text/Chat Type | Text - paragraph | The type of text or chat (i.e.: SMS, MMS, Teams, Slack, etc.) | The type of text or chat (i.e.: SMS, MMS, Teams, Slack, etc.) | The type of text or chat (i.e.: SMS, MMS, Teams, Slack, etc.) |
| Participants | Text | The participants of the text or chat conversation, represented by either their phone number, name, or both. (e.g., Doe, John; (123) 555-1234). | The participants of the text or chat conversation, represented by either their phone number, name, or both. (e.g., Doe, John; (123) 555-1234). | The participants of the text or chat conversation, represented by either their phone number, name, or both. (e.g., Doe, John; (123) 555-1234). |