**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE FIVE BELOW, INC. SECURITIES LITIGATION | Case No. 24-3638 <br><br> <u>CLASS ACTION</u> <br><br> <u>JURY TRIAL DEMANDED</u> |

**<u>REPORT OF RULE 26(f) MEETING</u>**

In accordance with Federal Rule of Procedure 26(f), counsel for Lead Plaintiffs Arkansas Teacher Retirement System ("ATRS") and Arkansas Public Employees' Retirement System ("APERS" and together with ATRS, "Lead Plaintiffs") and counsel for Defendants Five Below, Inc. ("Five Below" or the "Company"), Joel D. Anderson, and Kenneth R. Bull (collectively, "Defendants" and with Lead Plaintiffs, the "Parties") conferred on September 5, 2025, and jointly submit the following updated report of their meeting for the Court's consideration:

Rule 16(f) Conference: November 6, 2025, 11:30 a.m.

**1.     Discussion of Claims, Defenses, and Relevant Issues**

    **A.     Lead Plaintiffs' Discussion**

This is a putative securities law class action brought on behalf of all persons or entities who purchased or otherwise acquired Five Below common stock between December 1, 2022 through July 16, 2024, inclusive (the "Class Period"), and who allegedly suffered damages thereby. Lead Plaintiffs assert claims arising under §§ 10(b) and 20(a) of the Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder.

Five Below is an "extreme value" retailer offering popular or "trend-right" merchandise. The Company's business depends on identifying and sourcing trend-right products at low costs

and then quickly selling them to capitalize on existing trends before those trends fade and new trends emerge. The Consolidated Amended Complaint, filed on January 13, 2025 (the "Complaint"), alleges that, throughout the Class Period, Defendants made numerous materially false and misleading statements and omissions: (i) touting the Company's trend-right strategy while omitting its problems executing that strategy; (ii) misrepresenting and omitting its inventory management problems; and (iii) falsely blaming shrink for the Company's disappointing financial results.

As a result of these misrepresentations, Five Below common stock traded at artificially inflated prices throughout the Class Period. Lead Plaintiffs alleged that the disclosures on June 5, 2024, and July 16, 2024, removed the inflation in Five Below's stock that was maintained or caused by Defendants' false and misleading statements.[1]

Lead Plaintiffs have alleged, and will seek to prove, Defendants' violations of the Exchange Act as sustained by the Court, while reserving all rights concerning the dismissed claims. Lead Plaintiffs also believe their claims readily satisfy the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

### B.    Defendants' Discussion

Defendants intend to pursue the following affirmative defenses. Each of Lead Plaintiffs' claims must fail because, *inter alia*:

- neither Lead Plaintiffs nor any member of the putative Class can establish a misstatement or omission of material fact, scienter, loss causation, and/or damages;

---

[1] Lead Plaintiffs' discussion does not include challenged statements that the Court dismissed. ECF No. 45 at 6-51; ECF No. 46. Lead Plaintiffs' discussion also omits the disclosure on March 20, 2024, which the Court held did not constitute a corrective disclosure for purposes of loss causation. ECF No. 45 at 64-65. Lead Plaintiffs reserve their right to seek to amend their pleadings.

- neither Lead Plaintiffs nor any member of the putative Class can establish the primary liability necessary to support their claims for "control person" liability under Section 20(a) of the Exchange Act;

- Defendants had no duty to disclose, or cause the disclosure of, any allegedly omitted material information;

- Lead Plaintiffs and each member of the putative Class had actual or constructive knowledge of some or all of the facts alleged in the Amended Complaint upon which Defendants' liability is asserted and therefore assumed the risk the value of the Company's common stock could decline;

- Lead Plaintiffs and each member of the putative Class did not reasonably rely on any alleged misrepresentation or omission (even if one existed, which it did not), or on any alleged superior expertise and knowledge of Defendants, or on the integrity of the market, in purchasing or acquiring the Company's common stock;

- any depreciation in the market price of the securities purchased by Lead Plaintiffs and members of the putative class resulted from factors other than the alleged misrepresentations or omissions set forth in the Amended Complaint; and

- any alleged damages to Lead Plaintiffs or a member of the putative Class were caused by that plaintiff's own negligence in failing to conduct a reasonably diligent investigation of the risks associated with its investment and/or their failure to mitigate damages.

In addition, this action is not properly maintainable as a class action because the putative class does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Defendants reserve the right to assert additional affirmative defenses.

**2.**     **Informal Disclosures**

The Parties served their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on September 29, 2025.

**3.**     **Formal Discovery**

The Parties believe that discovery is required as to issues concerning liability, damages, loss causation, class certification, and defenses. The Parties do not anticipate any undue difficulty or disagreement on how to conduct electronic discovery. The Parties have taken appropriate steps, such as disseminating retention notices to any potential document custodians or party witnesses, to preserve documents and data they reasonably believe may be relevant in this litigation.

The Parties have agreed upon the schedule below. The Parties served their respective Initial Disclosures on September 29, 2025. The Parties each served initial Requests for Production and Interrogatories on October 10, 2025.

The overall fact discovery period extends approximately eight months (approximately 240 days) from the Court's November 6, 2025 Rule 16 Conference. The Parties believe that their proposed fact discovery period, which is shorter than those of many similar securities fraud class actions, is reasonable considering the complexity of the issues, number of document custodians and depositions, and volume of expected document discovery.

Lead Plaintiffs proposed that the date for substantial completion of document production be significantly earlier, but have agreed to the below date with the understanding that the Parties will make material document productions on a rolling basis, from the outset of the discovery period, and not materially defer production of documents until February 6, 2026.

### A.    Proposed Discovery and Pre-Trial Schedule

The Parties propose the following agreed-upon schedule:

| Event | Date |
|---|---|
| Rule 26(f) Conference | September 5, 2025 |
| Initial Disclosures | September 29, 2025 |
| Deadline to meet and confer re: search terms for documents from agreed-upon key custodians | November 10, 2025 [30 days following service of written discovery requests] |
| Defendants' Answer | October 3, 2025 |
| Deadline to submit proposed ESI order and proposed protective order to Court | October 16, 2025 |
| Deadline to reach agreement re: search terms for documents from agreed-upon key custodians | December 10, 2025 [30 days following meet and confer re: search terms for documents from agreed-upon key custodians] |
| Deadline for substantial completion of all rolling document production | February 6, 2026 |
| Deadline for Lead Plaintiffs to move for class certification and file expert disclosures and reports relating to class certification | January 16, 2026 |
| Deadline to make Lead Plaintiffs' expert available for deposition | February 2, 2026 |
| Deadline to exchange initial privilege logs (after which Parties are to exchange privilege logs on a rolling basis within 14 days of production) | March 6, 2026 |
| Deadline to file any opposition to class certification and file rebuttal expert disclosure and reports relating to class certification | March 13, 2026 |
| Deadline to make Defendants' expert available for deposition | April 1, 2026 |
| Deadline to file reply in support of class certification and file reply expert disclosure and reports relating to class certification | April 30, 2026 |
| Hearing for class certification | A date to be chosen by the Court. |
| Fact discovery cutoff | June 30, 2026 |
| Deadline to serve opening expert reports for the party bearing the burden of proof | July 17, 2026 |
| Deadline to depose merits experts[2] | August 28, 2026 |
| Deadline to serve rebuttal expert reports | September 18, 2026 |

---

[2] To the extent such subject was not addressed in prior deposition regarding class certification.

| Event | Date |
|---|---|
| Deadline to serve reply expert reports | October 16, 2026 |
| Expert discovery cutoff | November 13, 2026 |
| Summary judgment | December 11, 2026 |
| Summary judgment opposition | January 29, 2027 |
| Summary judgment reply | March 5, 2027 |
| Hearing for summary judgment | A date to be chosen by the Court. |

**B.      Depositions and Proposed Limits or Modifications to Deposition Rules**

The Parties agree that there should be up to 20 fact depositions (not including depositions of experts) per side, except upon application and good cause shown. The Parties believe that certain of the fact depositions will occur outside this District, based on the location of the witnesses, or if agreed upon by the Parties and the witnesses, for the convenience and accommodation of witnesses and the Parties.

**C.      Proposed Limits or Modifications to Written Discovery Rules**

Lead Plaintiffs believe that there should be up to 40 interrogatories per side.  Defendants believe that there should be 25 interrogatories per side, except upon application and good cause shown.

**D.      Third-Party Discovery**

The Parties believe that certain limited discovery of third parties will be necessary but, given the early stage of discovery in the case, are still in the process of identifying such third parties.

**4.      Electronic Discovery**

On October 16, 2025, pursuant to their prior agreement, the parties submitted their agreed-upon protocol governing the production of electronically stored information ("ESI") that will govern document production and discovery in this case, as well as a stipulated protective order

concerning the handling of confidential material. The Court entered an order approving the stipulated confidentiality and protective order on October 17, 2025 (ECF 55).

**5.      Expert Witness Disclosures**

The Parties anticipate that they will engage experts. The Parties have agreed to exchange expert reports and conduct expert discovery pursuant to the timeline set forth in Section 3.A, above.

**6.      Insurance Coverage**

Lead Plaintiffs have no applicable insurance coverage. Defendants have provided Lead Plaintiffs with the applicable insurance policies, pursuant to the stipulated confidentiality and protective order (ECF 55).

**7.      Settlement or Resolution**

The Parties have met-and-conferred regarding alternative dispute resolution. The Parties intend on retaining a private mediator and scheduling a private mediation session at a mutually agreeable time.

Lead Plaintiffs are in the process of formulating a settlement demand, which will be provided to Defendants prior to any scheduled mediation.

**8.      Trial Date**

Lead Plaintiffs request a trial date for the summer of 2027, at which time all discovery is set to be completed, and summary judgment will have been fully briefed.

**9.      Length of Trial**

Lead Plaintiffs have requested a trial by jury. Based on the current disposition of the case, the number of alleged claims, and due to the ongoing investigation and discovery of facts, the Parties are unable to accurately estimate the length of trial at this time.

Dated: October 30, 2025                                    Respectfully submitted,

                                                                              */s/ James A. Harrod*

Hannah Ross
James A. Harrod
Timothy G. Fleming
Sarah Schmidt
Kelly Hogan
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah.ross@blbglaw.com
jim.harrod@blbglaw.com
timothy.fleming@blbglaw.com
sarah.schmidt@blbglaw.com
kelly.hogan@blbglaw.com

Michael Dell'Angelo
Andrew D. Abramowitz
Alex B. Heller
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net
aabramowitz@bm.net
aheller@bm.net

*Counsel for Lead Plaintiffs*

- 9 -

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Jay A. Dubow*
Jay A. Dubow (PA Bar No. 41741)
Erica H. Dressler (PA Bar No. 319953)
Katherine R. Hancin (PA Bar No. 335719)
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Email: jay.dubow@troutman.com
Email: erica.dressler@troutman.com
Email: katie.hancin@troutman.com

Mary M. Weeks (*pro hac vice*)
Hannah Baskind (*pro hac vice*)
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30062
Telephone: (404) 885-3000
Email: mary.weeks@troutman.com
Email: hannah.baskind@troutman.com

*Counsel for Defendants*